# Exhibit A

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

FERRION, LLC, a Florida limited liability company,

Plaintiff,

vs.

CASE NO.:

L.B. FOSTER COMPANY, a foreign corporation authorized to conduct business in the State of Florida,

Defendant.
_______________________________________/

**COMPLAINT**

COMES NOW, Plaintiff, FERRION, LLC, a Florida limited liability company ("FERRION"), by and through its undersigned counsel, and sues Defendant, L.B. FOSTER COMPANY, a foreign corporation authorized to conduct business in the State of Florida ("FOSTER"), and as grounds in support thereof, would state as follows:

1. FERRION is a Florida limited liability company with its principal place of business in Orlando, Orange County, Florida.

2. FOSTER is a foreign corporation with its principal place of business located in Pittsburgh, Pennsylvania, and authorized to conduct business in the State of Florida. FOSTER does business in Winter Park, Orange County, Florida.

3. Jurisdiction and venue are proper in Orange County, Florida, where the subject contract was entered into, where the subject contract was to be performed, and where payments were to be made (and in fact were made historically) by FOSTER to FERRION.

4. FERRION is in the business of brokerage of mill byproducts throughout the United States.

5. Pursuant to Purchase Order 4500026440, dated April 29, 2021 (the "First Purchase Order"), a true and correct copy of which is attached hereto, marked as Exhibit "A" and hereinafter incorporated by reference, FOSTER contracted with FERRION to provide certain relay and rail products in the amount of $70,070.00. With regard to Exhibit "A," the current amount due is $48,970.00.

6. On May 21, 2021, pursuant to Purchase Order 4500027077, FOSTER contracted with FERRION to provide certain relay and rail products in the amount of $460,234.00 (the "Second Purchase Order"), a true and correct copy of which is attached hereto, marked as Exhibit "B" and hereinafter incorporated by reference. With regard to Exhibit "B," the current amount due is $421,135.61.

7. With regard to each Purchase Order under the heading "Terms of Payment," each amount was due within thirty days of same.

8. FOSTER remitted partial payments to FERRION in Florida.

9. At all times material hereto, Dermot Cawley as the Manager of FERRION, worked at the principal place of business of FERRION in Orlando, Orange County, Florida.

10. All conditions precedent to the institution of this action have been performed, have occurred or have been waived.

**COUNT I - BREACH OF CONTRACT**
**(First Purchase Order)**

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1

through 10 above as though fully set forth, and would further state:

11. This is an action for breach of contract by FERRION against FOSTER for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

12. The First Purchase Order was a contract, and FOSTER, by failing to pay the amount of the First Purchase Order in full, breached the contract, all of which has damaged FERRION.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs, and for any further relief as this Court deems just and equitable.

## COUNT II - UNJUST ENRICHMENT
## (First Purchase Order)

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1 through 10 above as though fully set forth, and would further state:

13. In the alternative to Count I, this is an action by FERRION against FOSTER for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees, to the extent it is found that a contract does not and did not exist between FERRION and FOSTER with regard to the First Purchase Order.

14. With regard to the First Purchase Order, FERRION delivered the items therein to FOSTER and as such conferred a benefit on FOSTER.

15. At all times material hereto, FOSTER had knowledge of the benefit conferred set forth herein and accepted and retained the benefit.

16. It would be unjust for FOSTER to retain the benefit in terms of the product shipped by FERRION without paying for same.

17. FOSTER voluntarily accepted and retained the benefits conferred.

18. The circumstances render FOSTER's retention of the benefits inequitable unless FOSTER pays FERRION the value of the benefit.

19. FOSTER has been unjustly enriched at the expense of FERRION.

20. FERRION is entitled to damages as the result of FOSTER's unjust enrichment.

WHEREFORE, Plaintiff, FERRION, demands compensatory damages against Defendant, FOSTER, costs and for such other relief as this Court deems just and equitable.

## COUNT III - BREACH OF CONTRACT
## (Second Purchase Order)

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1 through 10 above as though fully set forth, and would further state:

21. This is an action for breach of contract by FERRION against FOSTER for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

22. Pursuant to the Second Purchase Order, FERRION shipped to FOSTER the items referenced therein. FOSTER has failed to pay the Second Purchase Order in full.

23. The Second Purchase Order was a contract, and FOSTER's failure to pay the Second Purchase Order in full was a breach of the terms of Second Purchase Order, for all of which FERRION has been damaged.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs, and for any further relief as this Court deems just and equitable.

## COUNT IV - UNJUST ENRICHMENT
## (Second Purchase Order)

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1

through 10 above as though fully set forth, and would further state:

24. This is an action by FERRION against FOSTER for unjust enrichment for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees, and is in the alternative to Count III in the event that there is a finding that there was no contract between FERRION and FOSTER for the items referenced in the Second Purchase Order.

25. With regard to the Second Purchase Order, FERRION delivered the items therein to FOSTER and as such conferred a benefit on FOSTER.

26. At all times material hereto, FOSTER had knowledge of the benefit conferred set forth herein and accepted and retained the benefit.

27. The circumstances are such that it would inequitable for FOSTER to retain the benefit without paying FERRION the fair value for it.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs and for such other relief as this Court deems just and equitable.

**COUNT V - ACCOUNT STATED**
**(First Purchase Order)**

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1 through 10 above as though fully set forth, and would further state:

28. This is an action by FERRION against FOSTER for account stated for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

29. Before the institution of this action, FOSTER and FERRION had business transactions between them and on September 7, 2021 they agreed to the resulting balance. A true and correct copy of the September 7, 2021 email from Craig Davis at FOSTER to Stephanie

Rosenthal and Dermot Cawley, both with FERRION, is attached hereto, marked as Exhibit "C" and hereinafter incorporated by reference.

30. Pursuant to the First Purchase Order, by virtue of having an engaged in prior transactions, there is a fixed amount due and promise of payment by FOSTER.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs, and for any further relief as this Court deems just and equitable.

**COUNT VI - ACCOUNT STATED**
**(Second Purchase Order)**

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1 through 10 above as though fully set forth, and would further state:

31. This is an action by FERRION against FOSTER for account stated for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

32. Before the institution of this action, FOSTER and FERRION had business transactions between them and on September 7, 2021 they agreed to the resulting balance. A true and correct copy of the September 7, 2021 email from Craig Davis at FOSTER to Stephanie Rosenthal and Dermot Cawley, both at FERRION, is attached hereto, marked as Exhibit "C" and hereinafter incorporated by reference.

33 Pursuant to the Second Purchase Order, and by virtue of previous transactions, the Second Purchase Order and the billing for same fixes the amount due for this transaction and for all of which FOSTER promised to pay same.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs, and for any further relief as this Court deems just and equitable.

**COUNT VII - OPEN ACCOUNT**
**(First Purchase Order)**

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1 through 10 above as though fully set forth, and would further state:

34. This is an action for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

35. FOSTER owes FERRION $48,970.00 with regard to the First Purchase Order that is due with interest since October 27, 2021, according to the attached account, marked as Exhibit "D" and hereinafter incorporated by reference.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs and for any further relief as this Court deems just and equitable.

**COUNT VIII - OPEN ACCOUNT**
**(Second Purchase Order)**

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1 through 10 above as though fully set forth, and would further state:

36. This is an action for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

37. FOSTER owes FERRION the sum of $421,135.61 according to the attached account, marked as Exhibit "D" and hereinafter incorporated by reference, and is entitled to interest on same from September 18, 2021.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs and for any further relief as this Court deems just and equitable.

**COUNT IX - GOODS SOLD**
**(First Purchase Order)**

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1 through 10 above as though fully set forth, and would further state:

38. This is an action for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

39. FOSTER owes FERRION $48,970.00 which is due with interest since October 27, 2021, for the goods sold and delivered by FERRION to FOSTER between April 29, 2021 and September 7, 2021.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs and for any further relief as this Court deems just and equitable.

**COUNT X - GOODS SOLD**
**(Second Purchase Order)**

FERRION reincorporates and realleges the allegations contained in numbered paragraphs 1 through 10 above as though fully set forth, and would further state:

40. This is an action for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

41. FOSTER owes FERRION $421,135.61, which is due with interest since September 18, 2021 for goods sold and delivered by FERRION to FOSTER between May 21, 2021 and September 7, 2021.

WHEREFORE, Plaintiff, FERRION, respectfully requests this Honorable Court enter judgment against Defendant, FOSTER, for compensatory damages, costs and for any further relief as this Court deems just and equitable.

November 10, 2021.

*John H. Bill, Esquire*
JOHN H. BILL, ESQUIRE
Florida Bar No.: 443890
jbill@gdb-law.com
mwargo@gdb-law.com
GODBOLD, DOWNING, BILL & RENTZ, P.A.
222 W. Comstock Ave., Suite 101
Winter Park, Florida 32789
Telephone: (407) 647-4418
Facsimile: (407) 647-2089
Attorneys for Plaintiff

# EXHIBIT "A"

**LBFoster**

L.B. Foster Company
415 Holiday Drive
Pittsburgh PA 15220

Page 1 of 1
04/29/2021 10:46:02

**PO# 4500026440**
**Rev#**

| **Billing Address** | **Contact Info** | |
|---|---|---|
| L.B. Foster Company | **Buyer Name** | John Beggan |
| c/o Accounts Payable | **Buyer Email** | JBEGGAN@lbfoster.com |
| PO Box 2806, Pittsburgh, PA 15230 | **Buyer Phone** | |
| or email to: AccountsPayable@LBFoster.com | **Fax#** | |
| | **Purchasing Group** | NRL-New Rail |

| **Vendor Address** | **Shipping Address:** | |
|---|---|---|
| Vendor # 104590 | | MOUNTAIN STATES CONTRACTING |
| FERRION CORPORATION | | AL SPURLIN 801-589-8637 |
| 12850 Hwy 9 N SUITE 600-378 | | WASATCH PALLET |
| ALPHARETTA GA 30004 | | 754 WEST 1000 NORTH |
| | | SPANISH FORK UT 84660 |
| | **Terms of Payment:** | within 30 days Due net |
| | **Terms of Delivery:** | |

| Item | Material/Description | Quantity | UM | Unit Price | Net Amount | |
|---|---|---|---|---|---|---|
| 10 | 801907 | 110.00 | TON | 637.00 / TON | 70,070.00 | USD |
| | RELAY 141RE RAIL, 1/4" WEAR | | | | | |
| | BLANK ENDS, PROVIDED IN 39FT LENGTHS WITH 10% SHORTS | | | | | |
| | DRILLED, PROVIDED IN 35FT TO 39FT LENGTHS WITH STANDARD 10% SHORTS | | | | | |
| | Requested date: 05/24/2021 | | | | | |
| | *Truck Delivered* | | | | | |
| | | Gross Price | | | 70,070.00 | USD |
| | | Cash Discount | | | 0.00 | USD |
| | | Total Value | | | 70,070.00 | USD |

*Attn Dean please process*

*Jon made* [illegible]

This Purchase Order incorporates the standard Purchase Order Terms and Conditions available on https://www.lbfoster.com/en/supply-terms (these "Terms"). Acceptance of this Purchase Order is conditioned upon the acceptance of these Terms, and any terms differing from or in addition to these Terms are expressly objected to by L.B.Foster. Acknowledgment of or beginning work on this Purchase Order shall be deemed to be acceptance of these Terms.

EXHIBIT "B"

**LBFoster**

L.B. Foster Company
415 Holiday Drive
Pittsburgh PA 15220

Page 1 of 1
05/21/2021 08:25:35

**PO# 4500027077**
**Rev#**

| **Billing Address** | **Contact Info** | |
|---|---|---|
| L.B. Foster Company<br>c/o Accounts Payable<br>PO Box 2806, Pittsburgh, PA 15230<br>or email to: AccountsPayable@LBFoster.com | **Buyer Name**<br>**Buyer Email**<br>**Buyer Phone**<br>**Fax#**<br>**Purchasing Group** | John Beggan<br>JBEGGAN@lbfoster.com<br><br><br>NRL-New Rail |
| **Vendor Address**<br>Vendor # 104590<br>FERRION CORPORATION<br>12850 Hwy 9 N SUITE 600-378<br>ALPHARETTA GA 30004 | **Shipping Address:**<br><br><br><br><br>**Terms of Payment:**<br>**Terms of Delivery:** | MOUNTAIN STATES CONTRACTING<br>JUSTIN DUPUY 480-216-2795<br>NEW LIFE<br>BNSF/SELIGMAN SUB, TRACK 9365 SCHUFF<br>STEEL<br>within 30 days Due net |

| Item | Material/Description | Quantity | UM | Unit Price | Net Amount | |
|---|---|---|---|---|---|---|
| 10 | 802469<br>RELAY 131RE CC RAIL, 1/8" TO 3/16"<br>MAX WEAR, ENDS DRILLED 2-1/2" X 6-1/2" X 6-1/2" FOR 1" BOLTS. PROVIDED IN 33 FT TO 39 FT RANDOM LENGTHS.<br>Requested date: 08/12/2021 | 672.00 | TON | 612.00 / TON | 411,264.00 | USD |
| 20 | 800550<br>RELAY 131RE 6 HOLE JOINT BARS<br>PUNCHED TO MATCH RAIL<br>Requested date: 08/12/2021 | 830.00 | PAA | 59.00 / PAA | 48,970.00 | USD |
| | Gross Price | | | | 460,234.00 | USD |
| | Cash Discount | | | | 0.00 | USD |
| | Total Value | | | | 460,234.00 | USD |

— Delivered VIA BNSF FLAT CARS —

ATTN: Dean

Please Process

Delivery START 8/15/2021

Joe Maloney

This Purchase Order incorporates the standard Purchase Order Terms and Conditions available on https://www.lbfoster.com/en/supply-terms (these "Terms"). Acceptance of this Purchase Order is conditioned upon the acceptance of these Terms, and any terms differing from or in addition to these Terms are expressly objected to by L.B.Foster. Acknowledgment of or beginning work on this Purchase Order shall be deemed to be acceptance of these Terms.

EXHIBIT "C"

**John Bill**

**From:** Derm <dcawley@ferrion.com>
**Sent:** Thursday, November 4, 2021 11:36 AM
**To:** John Bill
**Subject:** FW: Car notice 4500027077

**Please see this email!!!!!!!!!!!!!!!!!**

---

**From:** Craig Davis <CPDavis@lbfoster.com>
**Date:** Tuesday, September 7, 2021 at 1:36 PM
**To:** Stephanie Rosenthal <srosenthal@ferrion.com>
**Cc:** Dermot Cawley <dcawley@ferrion.com>
**Subject:** RE: Car notice 4500027077

Thank you! **Please send the BOL's and invoices when you have them and I'll get them processed for payment.**

Craig Davis
General Manager – Rail Distribution
LBFoster
t: 412.928.3457
m: 412.216.3488
e: cpdavis@lbfoster.com

**From:** Stephanie <srosenthal@ferrion.com>
**Sent:** Tuesday, September 7, 2021 12:51 PM
**To:** Craig Davis <CPDavis@lbfoster.com>
**Cc:** Derm <dcawley@ferrion.com>
**Subject:** Car notice 4500027077

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

8 Cars for order 4500027077:

CAR # RAIL SIZE LIN FTNET
BNSF 552125 1313345 LF 146,065#
BNSF 552105 1313923 LF 171,304#
BNSF 552100 1313932 LF 171,697#
BNSF 552139 1313915 LF 170,955#
BNSF 552119 1313921 LF 171,217#
BNSF 552130 1313933 LF 171,741#

TTPX 805000 1313931 LF 171,654#
TTPX 804745 1313917 LF 171,042#

Thank you,
Stephanie Rosenthal
Ferrion Corp

The content of this email is confidential and intended for the recipient specified in this message only. Any unauthorized review, use, or distribution is prohibited. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.

---

**Total Control Panel** Login

To: jbill@gdb-law.com Remove this sender from my allow list
From: dcawley@ferrion.com

*You received this message because the sender is on your allow list.*

EXHIBIT "D"

# Ferrion Corporation

## A/R Aging Detail

As of October 15, 2021

| DATE | TRANSACTION TYPE | NUM | CUSTOMER | DUE DATE | AMOUNT | OPEN BALANCE |
|---|---|---|---|---|---|---|
| 1 - 30 days past due | | | | | | |
| 08/19/2021 | Invoice | 2459 | LB Foster | 09/18/2021 | 9,357.53 | 9,357.53 |
| 09/07/2021 | Invoice | 2482 | LB Foster | 10/07/2021 | 411,778.08 | 411,778.08 |
| **Total for 1 - 30 days past due** | | | | | **$421,135.61** | **$421,135.61** |
| **TOTAL** | | | | | **$421,135.61** | **$421,135.61** |

# Ferrion Corporation

## A/R Aging Detail

As of October 15, 2021

| DATE | TRANSACTION TYPE | NUM | CUSTOMER | DUE DATE | AMOUNT | OPEN BALANCE |
|---|---|---|---|---|---|---|
| Current | | | | | | |
| 09/27/2021 | Invoice | 2519 | LB Foster | 10/27/2021 | 48,970.00 | 48,970.00 |
| **Total for Current** | | | | | **$48,970.00** | **$48,970.00** |
| **TOTAL** | | | | | **$48,970.00** | **$48,970.00** |