**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FERRION, LLC, a Florida limited liability corporation,

Plaintiff,

v.

L.B. FOSTER COMPANY, a Pennsylvania Corporation,

Defendant.

Case No. 6:21-cv-02040-RBD-EJK

# DEFENDANT L.B. FOSTER COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM IN SUPPORT

L.B. Foster Company ("LB Foster") hereby moves to dismiss the complaint of Plaintiff Ferrion, LLC ("Plaintiff") pursuant to Federal Rules of Procedure 12(b)(2), (3) and (6), for the reasons set forth below.

## BACKGROUND

On November 10, 2021, Plaintiff filed its Complaint against LB Foster in Civil Action No. 2021-CA-010787-O in the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida ("Complaint"). (ECF No. 1). LB Foster removed the case to this Court on December 6, 2021 pursuant to 28 U.S.C. §§ 1332 and 1441.

Plaintiff asserts ten causes of action against LB Foster. All are premised on Plaintiff's allegations that it is owed money for products delivered to LB Foster

pursuant to two purchase orders, Purchase Order No. 4500026440 ("PO 6440") and Purchase Order No. 4500027077 ("PO 7077") (collectively, the "Purchase Orders").

In its Complaint, Plaintiff alleges that a Florida court possesses specific personal jurisdiction over LB Foster for its claims because the Purchase Orders were "entered into," "to be performed," and to be paid in Florida. ECF No. 1, Compl. ¶ 3. Plaintiff also alleges that "partial payments" were remitted to Plaintiff in Florida. *Id.* at ¶ 8. These allegations are unsupported by the evidence.

*First*, the Purchase Orders, attached as Exhibits A and B to the Complaint, contradict Plaintiff's assertion that Purchase Orders were to be performed and paid in Florida. The shipping address, the vendor address (which is Plaintiff's Georgia address), and the billing address on the Purchase Orders are all *non-Florida* addresses. ECF No. 1, Compl., Exs. A-B. To be sure, the Purchase Orders do not contain *any* Florida address or apparent connection to Florida on their face.

*Second*, the Purchase Orders did not require nor contemplate performance in Florida. The products that were purchased through the Purchase Orders were not shipped into or out of Florida. The products were shipped to a LB Foster customer directly from a third party, RCL Track Services, LLC ("RCL"). Declaration of Craig Davis In Support of Defendant LB Foster's Motion to Dismiss, attached as Exhibit A ("Davis Dec.") ¶ 5. RCL is based in Texas, and it shipped the products from Colorado to the LB Foster customer in Utah and Arizona. *Id.*; Declaration of

Andrew J. Turnier In Support of Defendant LB Foster's Motion to Dismiss, attached as Exhibit B ("Turnier Dec.") ¶ 5.

*Third*, no payments were remitted to Plaintiff in Florida. LB Foster made two payments to Plaintiff on the Purchase Orders. Davis Dec. ¶¶ 6-7. Both payments were transferred directly into Plaintiff's Pinnacle Bank account. *Id*. Pinnacle Bank is a "community bank in Georgia" and does not have any branch locations outside of Georgia. Turnier Dec. ¶¶ 2-3. In short, contrary to Plaintiff's unsubstantiated allegations, Plaintiff has not demonstrated *any* meaningful nexus between its asserted causes of action and Florida because there is none.

## LEGAL STANDARD

Personal jurisdiction is "an essential element of the jurisdiction of a district … court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).[1] A plaintiff bears the burden of demonstrating personal jurisdiction over a defendant. *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009); *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 (11th Cir. 1999). If the defendant submits evidence in opposition to the exercise of jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Mazer*, 556 F.3d at 1274; *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). "[W]hen the plaintiff

[1] Where a case is quoted in this motion, internal quotation marks and citations have been omitted.

offers no competent evidence to the contrary, a district court may find that the defendant's unrebutted denials [are] sufficient to negate plaintiff's jurisdictional allegations." *Interim Healthcare, Inc. v. Interim Healthcare of Se. Louisiana, Inc.*, 2020 WL 3078531, at *7 (S.D. Fla. June 10, 2020).

In Florida, the court must satisfy a two-part analysis to establish jurisdiction over a nonresident defendant. *Sculptchair, Inc.*, 94 F.3d at 626. First, the Florida long-arm statute must provide a basis for personal jurisdiction. *Id*. Second, even if defendant's conduct is encompassed by the long-arm statue, there must be "sufficient minimum contacts" between Florida, the defendant and the claims at issue to comport with the principles of due process. *Id.* Failure to establish either of these prongs precludes a court from exercising jurisdiction over a defendant and thus necessities dismissal. *Mazer*, 556 F.3d at 1274.

In addition to establishing jurisdiction over the defendant, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For each claim, the plaintiff must set forth factual allegations that establish all "the material elements of a cause of action." *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations, unwarranted deductions of facts or legal

conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Further, the Court may consider exhibits to a complaint when ruling on a Rule 12(b)(6) motion to dismiss, and if the exhibit conflicts with the complaint's allegations, the exhibit controls. *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

## ARGUMENT

### I. PLAINTIFF CANNOT ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER LB FOSTER.

As the Court is well aware, personal jurisdiction comes in two forms: specific, case-linked jurisdiction and general, "all purpose" jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). Here, Plaintiff has not and cannot establish either.

#### A. This Court Lacks General Personal Jurisdiction Over LB Foster.

Typically a corporation is subject to general jurisdiction only in the State in which it is incorporated and the State in which it maintains its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In "exceptional case[s]" a corporation may also be subject to personal jurisdiction in a State where its operations are "so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 139 n.19. This standard requires far more than simply that a corporation engages in continuous and systematic business with a State. *See id*. at 138-139.

Plaintiff acknowledges that LB Foster is not incorporated in Florida (*i.e.*, is a "foreign corporation") and has "its principal place of business located in Pittsburgh, Pennsylvania." ECF No. 1, Compl. ¶ 2. Plaintiff makes no effort to allege that LB Foster's Florida contacts are so substantial to render it "at home" in Florida, for the simple reason that there is no factual basis for such a claim. Accordingly, this Court lacks general jurisdiction over LB Foster. *See, e.g.*, *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1327 (M.D. Fla. 2017), *aff'd sub nom. Hinkle v. Cirrus Design Corp*., 775 F. App'x 545 (11th Cir. 2019); *Marrero v. State Farm Fire & Casualty Co*., 2021 WL 2555438, at *3 (M.D. Fla. May 24, 2021), *report and recommendation adopted sub nom. Marrero v. State Farm Fire & Cas. Co*., 2021 WL 2551627 (M.D. Fla. June 22, 2021); *Bryant v. Hasbro, Inc.*, 2020 WL 224513, at *4 (M.D. Fla. Jan. 15, 2020).

**B. This Court Lacks Specific Personal Jurisdiction Over LB Foster.**

Specific jurisdiction refers to a court's power over "disputes that arise out of or are connected with the activities within the state." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (Kennedy, J., plurality op.). Thus, jurisdiction "depends on an affiliatio[n] between the forum [state] and the underlying controversy." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). For a plaintiff to establish specific jurisdiction, a defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities

within the forum State." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021).

LB Foster is not subject to specific jurisdiction in Florida because the controversy – *i.e.* alleged non-payment related to the Purchase Orders – has no substantial connection to Florida. In Florida, "a defendant is subject to specific personal jurisdiction … for conduct specifically enumerated in the [Florida long-arm] statute." *Waite v. All Acquisition Corp*., 901 F.3d 1307, 1312 (11th Cir. 2018). When the dispute involves an underlying contract, a defendant may be subject to specific jurisdiction for "[b]reaching a contract in [Florida] by failing to perform acts *required by the contract to be performed in* [*Florida*]." Fla. Stat. § 48.193(1)(a)(7) (emphasis added). Plaintiff alleges that Florida is "where the subject contract was entered into, where the subject contract was to be performed, and where payments were to be made." ECF No. 1, Compl. ¶ 3.[2] These allegations, however, are incorrect.

[2] Plaintiff does not plead that this Court has jurisdiction over LB Foster pursuant to Fla. Stat. § 48.193(1)(a)(1) ("any cause of action arising from any of the following acts: 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state . . ."). Even if it did, that would not provide a basis to exercise personal jurisdiction here. Plaintiff has not pled, let alone established, that LB Foster conducts sufficient business to warrant jurisdiction under this provision. *See*, *e.g*., *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.,* 579 F. App'x 779, 784 (11th Cir. 2014) ("negotiation and execution of a single contract" between a Florida resident and foreign corporation "is not sufficient to show a 'general course of business activity,' as required by Florida's long arm statute."); *id.* ("'telephonic and electronic communications [made from elsewhere] into Florida' do not constitute carrying on a business venture in Florida, even when those phone calls were incident to some economic activity."); *Bloom v. A.H. Pond Co.*, 519 F.Supp. 1162, 1168 (S.D. Fla. 1981) ("It is clear that doing business in this state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction."); *Israel v. Alfa Laval, Inc.*, 2020 WL 7640730, at *3 (M.D. Fla. Dec. 23, 2020) ("[E]ven though [the defendant] is registered to do business in Florida, courts have held this is not sufficient" to establish personal jurisdiction).

First, Plaintiff provides no support that the Purchase Orders were entered into in Florida. The Purchase Orders were sent from LB Foster to Stephanie Rosenthal. Davis Dec. ¶ 3. Plaintiff acknowledges that LB Foster is not based in Florida, and Ms. Rosenthal is based in Georgia. Turnier Dec. ¶ 6.

Second, and most importantly under Fla. Stat. § 48.193(1)(a)(7), LB Foster did not, and was not required, to perform any acts in Florida pursuant to the Purchase Orders. *ripKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1291 (S.D. Fla. 2021) ("[T]he contract itself must require performance in Florida" to satisfy Fla. Stat. § 48.193(1)(a)(7)). In fact, neither Purchase Order even involved the shipment of products into or out of Florida: A Texas company (RCL) shipped the product from Colorado to a LB Foster customer in Utah and Arizona. Davis Dec. ¶ 5; Turnier Dec. ¶¶ 4-5.

In addition, LB Foster did not remit any payments related to the Purchase Orders in Florida. LB Foster remitted only two payments to Plaintiff relating to the Purchase Orders. Davis Dec. ¶¶ 6-7. Both payments were directly transferred into Plaintiff's Pinnacle Bank account. *Id*. Pinnacle Bank is a community bank based in Georgia and does not have any locations outside Georgia. Turnier Dec. ¶¶ 2-3. Thus, it would have been impossible for LB Foster to have remitted those payments to Florida. *RG Golf Warehouse, Inc. v. Golf Warehouse, Inc*., 362 F. Supp. 3d 1226, 1238 (M.D. Fla. 2019) (finding that defendant's affidavit that payments under the

contract were made to plaintiff's Minnesota bank account sufficiently rebutted plaintiff's allegation that the payments were to be made in Florida). Other than those two payments, LB Foster did not remit any other payments for the Purchase Orders. Davis Dec. ¶ 7. Further, the vendor address listed on the Purchase Orders also contradicts Plaintiff's claim that the Orders were performed in Florida. The address that Plaintiff used on the Purchase Orders is a Georgia address, not a Florida one. ECF No. 1, Compl. Exs. A, B. Accordingly, since the Purchase Orders do not require any type of performance in Florida, Plaintiff has failed to establish that this Court has specific jurisdiction over LB Foster. *See Bolduc v. Great Lakes Ins. SE*, 2019 WL 13054798, at *5 (M.D. Fla. Sept. 26, 2019) (dismissing the case because "Plaintiff has not provided any evidence that the contract required payment to be made in Florida in the case of breach").

Lastly, to the extent this Court accepts Plaintiff's allegation that it is a Florida resident, that fact is irrelevant in determining whether jurisdiction over LB Foster exists based on a contractual relationship. Under Florida's long-arm statute, "there must exist a duty to perform an act *in Florida*; a contractual duty to tender performance to a Florida resident is not in itself sufficient to satisfy the statute." *Posner v. Essex Ins. Co*., 178 F.3d 1209, 1218 (11th Cir. 1999); *ripKurrent LLC,* 530 F. Supp. at 1291 ("Mere existence of a contractual relationship between a non-resident defendant and a Florida resident is insufficient to satisfy this section of the

statute.”). Additionally, “mere injury to a forum resident” is also insufficient to establish jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

### C. Any Exercise of Personal Jurisdiction Over LB Foster Would Not Comport With Due Process.

Even if this Court were to find that there is a basis for personal jurisdiction under Florida’s long-arm statute, it must also determine whether exercising jurisdiction over LB Foster would comport with constitutional due process requirements. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). “The touchstone of this analysis is whether the defendant has ‘certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.’” *Id.* (*quoting Int’l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). “[T]he due process clause of the United States Constitution protects an individual’s liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations.” *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008).

Other than asserting that LB Foster engages in business in Florida, Plaintiff has failed “to point to any additional Florida contacts that would justify the exercise of personal jurisdiction over the contract-related claims.” *Buzz Pop Cocktails Corp. v. Booze Pops, LLC*, 2020 WL 2838825, at *6 (M.D. Fla. Apr. 22, 2020); *Ganiko v. Ganiko*, 826 So. 2d 391, 395 (Fla. 1st DCA 2002). Thus, Plaintiff has not demonstrated sufficient minimum contacts between LB Foster and Florida, as they

relate to Plaintiff's claims, to comport with due process. *See, e.g., Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1271 (11th Cir. 2010) (defendant's "history of such transactions" of contracting with in-state residents "does not provide sufficient minimum contacts" for personal jurisdiction); *RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226, 1234-35 (M.D. Fla. 2019) (marketing and selling products to Florida customers and attending trade shows in Florida were not sufficient minimum contacts); *Glob. Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 469 (Fla. Dist. Ct. App. 2003) ("It has been held that the failure to pay money in Florida, standing alone, would not suffice to obtain jurisdiction over a nonresident defendant."); *Magic Pan Int'l, Inc. v. Colonial Promenade*, 605 So. 2d 563, 566 (Fla. 5th DCA 1992).

## II. VENUE IS IMPROPER IN THIS DISTRICT.

Just as this Court cannot exercise personal jurisdiction over LB Foster, venue is not proper in this District. LB Foster does not reside in this District, no "substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" in this District, and no "substantial part of property that is the subject of th[is] action is situated" in this District. 28 U.S.C. § 1391(b). LB Foster does not reside in this District because it is not subject to personal jurisdiction here. 28 U.S.C. § 1391(c)(2). As explained above, no material portion, let alone a "substantial part," of the events underlying Plaintiff's claims took place in this District. *See* pages 5-

11, *supra*. Finally, of course, to the extent either the products or funds addressed in the Purchase Orders are considered "property that is the subject of th[is] action," none of that property is in Florida. *See* pages 8-9, *supra*.[3]

## III. COUNTS V-VIII OF THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

In addition to dismissing the Complaint for a lack of personal jurisdiction over LB Foster and improper venue, this Court must dismiss Counts V, VI, VII, and VIII of the Complaint for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(B)(6).

### A. Counts V and VI (Account Stated) Must Be Dismissed For Failure to State a Claim.

In Counts V and VI, Plaintiff alleges "account stated" causes of action for each Purchase Order. "An 'account stated' is defined as an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Conseal Int'l Inc. v. Neogen Corp.*, 2020 WL 4736203, at *7 (S.D. Fla. Aug. 14, 2020); *Nants v. F.D.I.C.*, 864 F. Supp. 1211, 1219 (S.D. Fla. 1994).[4]

---

[3] Venue was also improper in state court before this case was removed. LB Foster does not have an agent in Orange County, Plaintiff's claims did not accrue in Orange County, and no "property in litigation" is located in Orange County. Fla. Stat. § 47.051.

[4] For purposes of its Rule 12(b)(6) motion, LB Foster applies Florida law because, as to the specific arguments in the motion, the law is fairly uniform across the States. This is not an agreement or concession by LB Foster that any of Plaintiff's claims should be governed by Florida law.

Plaintiff alleges that the parties had "business transactions between them and . . . agreed to the resulting balance." ECF No. 1, Compl. ¶¶ 29, 32. The email that Plaintiff incorporates into its Complaint to demonstrate the alleged agreement, however, refutes Plaintiff's claims. *Id.*, Ex. C. In the email, Ms. Rosenthal provides "car" numbers for PO 7077. *Id*. LB Foster does not agree to any specific amounts owed, but rather requests that Ms. Rosenthal "send the BOL's and invoices when you have them and I'll get them processed for payment." *Id*. For a valid account stated claim, "there *must* be an agreement between the parties that a *certain balance is correct* and due." *Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am., Inc*., 611 So.2d 564, 565 (Fla. Dist. Ct. App. 1992) (emphases added); *see also Conseal Int'l Inc.*, 2020 WL 4736203, at *7 (same). Critically, there is no discussion between Ms. Rosenthal and LB Foster as to the amounts owed for the invoices. Nor does LB Foster agree to pay the invoices, but simply commits to have them "processed for payment." ECF No. 1, Compl. Ex. C. Such a communication does not evidence that Plaintiff and LB Foster "agreed on any balance due and owing" and thus Plaintiff has failed to state a valid claim. *Carpenter Contractors*, 611 So. 2d at 565.

Further, the email communication upon which Plaintiff relies involves only one of the Purchase Orders. The email contains the subject line "Car notice 4500027077" and Ms. Rosenthal lists "8 Cars for order 4500027077." ECF No. 1,

Compl., Ex. C. There is no indication that the email relates to PO 6440, which forms the basis of Count V. Under Count V, Plaintiff also did not plead any additional facts relating to an agreement for PO 6440. Count V must be dismissed for this additional reason as well.

**B. Counts VII and VIII (Open Account) Must Be Dismissed For Failure to State a Claim.**

Plaintiff has failed to plead the essential elements of his open account claims (Count VII and VIII). An open account is "an unsettled debt arising from items of work and labor, goods sold and delivered, with the expectation of further transactions subject to future settlement and adjustment." *Robert W. Gottfried, Inc. v. Cole*, 454 So. 2d 695, 696 (Fla. 4th DCA 1984). To state a valid claim for open account, the plaintiff must plead that there is an existing and ongoing relationship between the two parties and the "expectation" of "future transactions." *Id.* Plaintiff does not plead such expectation of future transactions, and thus these Counts must be dismissed. *Morse, LLC v. United Wisconsin Life Ins. Co.*, 356 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005) (noting Plaintiff must allege "an expectation of future transactions").

Also fatal to Counts VII and VIII are Plaintiff's "earlier allegations of the existence of an express contract between the parties" that it incorporated into its claims. *Id.* According to Plaintiff, "pursuant to" each Purchase Order, "FOSTER contracted with FERRION." ECF No. 1, Compl. ¶¶ 5-6. An open account "should

not include express contracts or other obligations that have been reduced to writing." *H & H Design Builders, Inc. v. Travelers' Indem. Co*., 639 So.2d 697, 700 (Fla. 5th DCA 1994). Therefore, since "[i]t has been commonly held that a party should not allege an express contract in an open account claim," Plaintiff's open account claims must be dismissed. *Spring Air Int'l, LLC v. R.T.G. Furniture Corp*., 2010 WL 4117627, at *6 (M.D. Fla. Oct. 19, 2010).

## CONCLUSION

For the foregoing reasons, LB Foster respectfully requests the Court dismiss Plaintiff's Complaint.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for Defendant certifies that they have conferred with counsel for Plaintiff in a good faith effort to resolve the issues implicated by this Motion and that counsel for Plaintiff opposes the relief requested herein.

Dated: December 13, 2021

Respectfully submitted,

*/s/ Christopher R.J. Pace*

Christopher R.J. Pace
Florida Bar No. 721166
Email: crjpace@jonesday.com
Andrew J. Turnier
Florida Bar No. 1004235
Email: aturnier@jonesday.com
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700

Facsimile: (305) 714-9799

*Counsel for L.B. Foster Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

*/s/ Andrew J. Turnier*
Andrew J. Turnier

*Counsel for L.B. Foster Company*