# EXHIBIT
# "1"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FERRION, LLC, a Florida
limited liability company,

Plaintiff,

CASE NO. 6:21-cv-02040-RBD-EJK

v.

L.B. FOSTER COMPANY, a
Pennsylvania corporation,

Defendant.
_________________________________/

**DECLARATION OF DERMOT CAWLEY IN SUPPORT OF PLAINTIFF FERRION, LLC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

STATE OF FLORIDA

ORANGE COUNTY

I, DERMOT CAWLEY, declare under penalty of perjury pursuant to 28 U.S.C. §1746, that the following statements are true and correct:

1. I make this declaration based upon my personal knowledge of the facts and circumstances set forth herein and in support of Plaintiff's opposition to Defendant's Motion to Dismiss Plaintiff's Complaint. I am over eighteen years of age and otherwise competent to make this declaration.

2. I am the founder, co-owner and sole manager of Ferrion, LLC, a Florida Limited Liability Company ("Ferrion"). Ferrion is based in Orlando, Florida and I am a Florida resident. Ferrion is primarily in the business of brokerage of mill

byproducts throughout the United States. From 2019 to date, I have lived in Orlando, Florida, and I currently reside at 3968 Wardell Place, Orlando, Florida, 32814, which is the principal address of Ferrion. Ferrion's Articles of Conversion and Articles of Organization from when Ferrion transitioned from being a Georgia corporation to a Florida limited liability company on March 11, 2019, are attached as Attachment A.

3. In or around 2019, Joe Mahoney ("Mahoney"), Director of Rail Sales with L.B. Foster Company, contacted me on behalf of Defendant by telephone in an attempt to solicit a business deal with Ferrion. A result of this contact between myself and Mahoney, was two contracts pursuant to which two Purchase Orders were issued. Mahoney negotiated these contracts between Ferrion and Defendant in his capacity as an employee of Defendant.

4. Mahoney's LinkedIn pages are attached as Attachment B. A newsletter reflecting Mahoney's promotion by Defendant to Director of Rail Sales is attached as Attachment C.

5. Purchase Order 4500026440 ("First Purchase Order") was dated April 29, 2021, and Purchase Order 4500027077 ("Second Purchase Order") was dated May 21, 2021 (together, "Purchase Orders"). These Purchase Orders are the subject of Plaintiff's Complaint in this action, and they are attached herein as Attachments D and E.

6. I was in Florida throughout the majority of my communications with Mahoney regarding the First Purchase Order and Second Purchase Order.

7. The communications between myself and Mahoney regarding the Purchase Orders occurred via telephone.

8. Mahoney was aware that I was in Florida while I was communicating with him and that when he called my phone number to discuss the Purchase Orders, he was calling me in Florida. During my conversations with Mahoney regarding the Purchase Orders, we talked about the weather in Florida compared to the weather in Illinois where his home was located. In 2019, I recall specifically that during one of our conversations to negotiate the contracts for the Purchase Orders, we talked about the difference between the weather in Florida where I was at the time, and the weather in Illinois where Mahoney was because Illinois had recently experienced major blizzards.

9. During my conversations with Mahoney regarding the Purchase Orders, he also asked what the closest beach was to my home in Orlando, because he stated he wanted to take his wife somewhere in Florida with a beach. Mahoney also asked me for recommendations for places that he could visit in Florida, since he was considering visiting Sarasota at the time. And Mahoney spoke to me about he and his wife eventually retiring in Florida and what areas I recommended for their retirement.

10. Mahoney stated to me over the phone that he wanted to meet with me in person in Orlando the next time that he would be visiting the Orlando office of Defendant, L.B. Foster. He also asked me if there was a Marriot or Hilton hotel near where I lived in Orlando.

11. Any and all essential terms of the Purchase Orders and the contracts were negotiated between myself and Mahoney.

12. Defendant's representative Craig Davis ("Davis"), General Manager, who has submitted a Declaration in support of Defendant's Motion to Dismiss Plaintiff's Complaint, assisted Defendant in the completion of the open Purchase Orders after I had negotiated all the essential terms of the contracts with Mahoney. Davis was also aware that I was in Florida.

13. Retained as an independent contractor for Ferrion, Stephanie Rosenthal assisted Ferrion with the completion of the open Purchase Order contracts and delivery of the items referenced therein, only after I had negotiated the essential terms of the contracts in Florida. Rosenthal had minimal contact with Defendant through email to coordinate shipments and invoicing with Davis.

14. Stephanie Rosenthal provided services to Ferrion when Ferrion and I were based in Georgia prior to 2019, and Ferrion has continued to use her services to date.

15. Contrary to Davis' sworn Declaration attached to Defendant's Motion to Dismiss Plaintiff's Complaint, per the terms of the contracts for the Purchase Orders, payments owed to Ferrion were to be made to my bank account at Florida-based Cogent Bank, and not Georgia-based Pinnacle Bank. Cogent Bank is headquartered in Florida and only has branch locations in Florida. Defendant did remit partial payments to Ferrion for the Purchase Orders on the following days and in the following amounts: $221,774.91 on July 7, 2021; $120,035.86 on July 26,

2021; $30,359.42 on July 27, 2021; $179,533.67 on August 16, 2021; $1,125.00 on August 19, 2021; and $13,962.50 on August 20, 2021. A copy of the transaction information reflecting these payments by Defendant into my Cogent Bank account is attached as Attachment F. A copy of Cogent Bank's "About Us" website page is attached as Attachment G. A copy of Cogent Bank's branch locations is attached as Attachment H.

16. A March 27, 2020, email from Mahoney to Rosenthal requesting Ferrion's Automated Clearing House ("ACH") account information is attached as Attachment I. The email attachment containing the ACH information, which Rosenthal sent to Mahoney in response, and which displays both Cogent Bank's Orange City, Florida address and Ferrion's Orlando, Florida, address, is attached as Attachment J.

17. An email between myself and Davis in which I ask Davis about the status of payment for the Purchase Orders is attached as Attachment K.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

FURTHER DECLARANT SAITH NAUGHT.

Executed and dated this 18 day of January 2022, in Orange County, Florida.

DERMOT CAWLEY

ORLDOCS 19289785 7 54628.0001