**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FERRION, LLC,

Plaintiff,

v. Case No. 6:21-cv-2040-RBD-EJK

L.B. FOSTER COMPANY,

Defendant.

---

# ORDER

Before the Court are:

1. Defendant L.B. Foster Company's Motion to Dismiss Plaintiff's Complaint (Doc. 7 ("Motion")); and
2. Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. 17).

Defendant's Motion is due to be denied.

## BACKGROUND

Plaintiff brokers mill products. (Doc. 1-1, ¶ 4.) Defendant contracted to buy products from Plaintiff via two purchase orders. (*Id.* at Ex. A, p. 12, Ex. B, p. 14.) Plaintiff alleges that it delivered the products to Defendant but Defendant failed to pay in full. (*Id.* ¶¶ 14, 16, 22.) So Plaintiff sued for breach of contract, unjust enrichment, account stated, open account, and goods sold. (*Id.* ¶¶ 11–41.) Defendant now moves to dismiss the Complaint, arguing that the Court lacks

personal jurisdiction over it and that the account stated and open account counts fail to state a claim. (Doc. 7.) Plaintiff opposes. (Doc. 17.) This matter is ripe.

## STANDARDS AND ANALYSIS

### I. Personal Jurisdiction

First, Defendant argues that evidence shows the Court lacks specific[1] personal jurisdiction over it under Federal Rule of Civil Procedure 12(b)(2). (Doc. 7, pp. 6–12.) Where a defendant makes an evidentiary challenge to a plaintiff's allegation of personal jurisdiction in the complaint, the burden shifts to the plaintiff to produce evidence supporting the jurisdictional allegations. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Where the evidence conflicts, all reasonable inferences must be construed in favor of the plaintiff. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). When reviewing such challenges, courts must determine whether there is personal jurisdiction under: (1) the state longarm statute; and (2) due process. *See id.* The Court takes each element in turn.

#### A. Longarm

As to the first element, Defendant argues that Plaintiff cannot establish jurisdiction under the Florida longarm statute. (Doc. 7, pp. 6–10.) The Court disagrees.

[1] Plaintiff concedes that general jurisdiction is not at issue. (Doc. 17, p. 4.)

Under the Florida longarm, specific personal jurisdiction exists where the cause of action arises out of various acts of the defendant, including breaching a contract in the state by "failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(a)(7).

Here, Defendant asserts that: (1) the contract was not entered into in Florida because the purchase orders were emailed from Defendant to Plaintiff's employee Stephanie Rosenthal, who is based in Georgia; (2) the purchase orders did not require payment in Florida on their face because Plaintiff's address on them is listed in Georgia; and (3) the partial payments were made to Plaintiff's Pinnacle Bank account—a Georgia-only bank.[2] (Doc. 7, p. 8; *see* Doc. 7-1, pp. 5–6; Doc. 7-2, pp. 6, 32.) But Plaintiff's evidence paints a fuller picture of the circumstances.

While Rosenthal received the final purchase orders via short emails in Georgia, Plaintiff's founder and sole manager Dermot Cawley is the one who actually negotiated and finalized all of the terms of the contract from Florida—a fact of which Defendant's representative was aware, as they discussed recommendations for his upcoming visit to and potential retirement in Florida.

[2] Plaintiff also asserts that there is jurisdiction under another portion of the longarm, which requires the cause of action to arise out of Defendant's business in the state. (Doc. 17, pp. 7–9); *see* Fla. Stat. § 48.193(1)(a)(1). Defendant briefly contests this, arguing that this theory was not pled. (Doc. 7, p. 7 n.2.) But the Court need not reach that argument because there is jurisdiction under the contract prong.

(Doc. 17-1, ¶¶ 2, 6, 9, 12.) And though Defendant asserted that the partial payments were made to Pinnacle (attaching in support only a generic internet printout showing Pinnacle's Georgia location), Plaintiff attaches evidence documenting the payments themselves, which were in fact made to *Florida*-based Cogent Bank—again, a fact of which Defendant's representative was aware, as Rosenthal sent him the wire information for the payments listing Plaintiff's Florida address and Cogent's Florida address. (Docs. 17-7, 17-8, 17-10, 17-11); *see W. Town Plaza Assocs. v. Citi Trends, Inc.*, No. 18-22150, 2018 WL 8619995, at *4 (S.D. Fla. Sept. 12, 2018) (noting that the defendant's course of performance in sending past payments to Florida address supported jurisdiction under the contract prong). While the address listed on the purchase orders was in Georgia, Plaintiff's evidence shows that the company moved from Georgia to Florida back in 2019, two years before the purchase orders were issued. (Doc. 7-1, p. 6; Doc. 17-2, p. 3); *cf. Sendtec, Inc. v. Cosmetique, Inc.*, No. 8:07-cv-1643, 2008 WL 660297, at *3 (M.D. Fla. Mar. 6, 2008) (noting that where contract is silent as to place of payment, it is presumed to be payee's place of business). And in any event, just because an old address was listed on the purchase orders does not mean that the contract was "to be performed" at that address; indeed, the wiring instructions belie that argument, as they make clear that the payment portion of the contract was to be performed in Florida. (Doc. 17-11); *cf. RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226,

1238–39 (M.D. Fla. 2019) (holding that where a wire transfer was directed shows the location the contract was to be performed).

Given this evidence, Plaintiff has sufficiently alleged and established for jurisdictional purposes that Defendant failed to perform a contractual obligation due in Florida. *See Smith Architectural Grp. v. Dehaan*, 867 So. 2d 434, 436 (Fla. 4th DCA 2004) ("It is sufficient for purposes of the first prong of the test that the contract between the parties in this case was made with a Florida resident and payment was to be made in this state."). And because the causes of action here specifically arise out of that alleged breach of agreement between the parties, the Florida longarm is satisfied. *See* Fla. Stat. 48.193(1)(a)(7).

**B. Due Process**

Turning then to the next element, Defendant argues that even if there was a basis for jurisdiction under the longarm, the Court exercising that jurisdiction would run afoul of due process. (Doc. 7, pp. 10–11.) Again, the Court disagrees.

To determine whether an exercise of jurisdiction affords due process, courts must consider whether: (1) the claims arise out of or relate to one of the defendant's contacts with the forum; (2) the defendant purposefully availed itself of the forum; and (3) exercising jurisdiction violates fair play and substantial justice. *See Waite v. All Acquis. Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018).

Here, Plaintiff's evidence demonstrates that Defendant knew that it was

dealing with a Florida-based company when it entered into the contract, chose to enter into that contract via detailed negotiations with the company's Florida-based owner, and made partial payments directed to Florida; as such, the contract-related claims arise out of or are related to these contacts with the forum. (Doc. 17-1, ¶¶ 9, 10, 12; Doc. 17-11); *see Bonczyk v. Levene*, No. 6:20-cv-192, 2020 WL 5803174, at *11 (M.D. Fla. Aug. 25, 2020) (finding that breach of contract claims sufficiently arose out of the defendant's knowing contract negotiations with Florida-based plaintiff and the communications directed into Florida to satisfy the relatedness prong). For the same reasons, Defendant's extensive communications with the Florida-based Plaintiff also demonstrate that Defendant purposefully availed itself of this forum. (Doc. 17-1, ¶¶ 8–10); *see Bonczyk*, 2020 WL 5803174, at *12–13; *see also Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1268–69 (11th Cir. 2010) (noting that "prior negotiations, contemplated future consequences, the terms of the contract, and the actual course of dealing" all support minimum contacts and purposeful availment). And Defendant has not shown that it would offend traditional notions of fair play to hale it into court here. (*See* Doc. 7, pp. 10–11; *see also* Doc. 17-13); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1358 (11th Cir. 2013). So all three prongs of the due process test are satisfied. *See Bonczyk*, 2020 WL 5803174, at *11–14.

With both the longarm and due process met, the Court has personal

jurisdiction over Defendant.[3] As such, this portion of Defendant's Motion is due to be denied.

## II. Failure to State a Claim

Second, Defendant argues that Plaintiff fails to state a claim for account stated and open account (Counts V–VIII). (Doc. 7, pp. 12–15.) The Court disagrees on both.

An account stated claim arises between parties who have had previous transactions, fixing the amount due and promising payment. *See ConSeal Int'l Inc. v. Neogen Corp.*, No. 19-CV-61242, 2020 WL 4736203, at *7 (S.D. Fla. Aug. 14, 2020). Defendant acknowledges that Plaintiff sent it invoices, but argues that it only agreed to have them "processed for payment," without discussion of the amounts. (Doc. 7, p. 13.) But that is not required. There was an invoice, Defendant failed to object, and then it failed to pay; these allegations satisfy the requirement of an account stated claim. (Doc. 1-1, ¶¶ 5–7); *see ConSeal*, 2020 WL 4736203, at *7; *cf. Plum Creek Tech., LLC v. Next Cloud, LLC*, No. 8:19-cv-1974, 2020 WL 3052331, at *4 (Feb. 5, 2020), *adopted*, 2020 WL 1074924 (M.D. Fla. Mar. 6, 2020). And in any event, Plaintiff sufficiently pled facts supporting those elements, and the Court must accept those allegations as true for the purposes of the Rule 12(b)(6) portion

---

[3] Defendant also argues that venue is improper here for the same reason as personal jurisdiction (Doc. 7, pp. 11–12), so that argument similarly fails.

of the Motion. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).

Similarly, an open account claim arises from an unsettled debt between the parties. *See ConSeal*, 2020 WL 4736203, at *6. Defendant argues that the Complaint does not plead there was any ongoing expectation of further transactions (Doc. 7, p. 14), but the Complaint is not pled so narrowly, and its attachments demonstrate an ongoing established relationship and course of conduct between the parties. (Doc. 1-1, ¶¶ 5, 6 & Ex. C, pp. 16–17); *cf. Robert W. Gottfried, Inc. v. Cole*, 454 So. 2d 695, 696 (Fla. 4th DCA 1984). The allegation that there is an unsettled debt between the parties as a result of their ongoing relationship sufficiently pleads the open account claim as an alternative theory of liability to the breach of contract. *See ConSeal*, 2020 WL 4736203, at *6.

With both allegedly defective claims adequately pled, the Rule 12(b)(6) portion of Defendant's Motion is also due to be denied.

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion (Doc. 7) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 16, 2022.

ROY B. DALTON JR.
United States District Judge